**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____21-8396-WM_____

IN RE:

**APPLICATION AND AFFIDAVIT**
**FOR CRIMINAL COMPLAINT**

_____/

**CRIMINAL COVER SHEET**

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?        ___ Yes  ✔ No

2.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    ___ Yes  ✔ No

3.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?    ___ Yes  ✔ No

4.  Did this matter originate from a matter pending in the Northern or Southern Region of the United States Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)?___ Yes  ✔ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BY:    _____

DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501915
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:      305-905-7509
Fax:      772-466-1020
Email:    daniel.funk@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

**FILED BY** _____ KJZ _____ **D.C.**

**Oct 13, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. – West Palm Beach

# UNITED STATES DISTRICT C[OURT]

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   21-8396-WM |
| JORGE LUIS VAZQUEZ IRIZARRY | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 12, 2021 _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(B)(ii) | Attempt to possess with intent to distribute 500 grams or more of cocaine |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

U.S Postal Inspector TFO Henry Ramos
*Printed name and title*

Sworn to and attested to me by Affiant on
this __13th__ day of October 2021, by
Telephone (Facetime) per Fed. R. Crim. P.4(d) and 4.1

Date: _____ October 13, 2021 _____

_____
*Judge's signature*

City and state: _____ West Palm Beach, Florida _____     WILLIAM MATTHEWMAN, U.S. Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT</u>

I, Henry Ramos, first being duly sworn, do hereby depose and state as follows:

### Introduction

1.      This affidavit is submitted in support of a criminal complaint and arrest warrant charging Jorge Luis VAZQUEZ IRIZARRY (hereinafter VAZQUEZ IRIZARRY) with attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(B)(ii).

2.      I have been a U.S. Postal Inspector Task Force Officer with the United States Postal Inspection Service ("USPIS") since March 2021. I am currently assigned to the Miami Division, West Palm Beach Domicile miscellaneous team of the USPIS and one of my responsibilities is investigations involving the use of the mail to traffic narcotics and firearms. I have received training about narcotics trafficking and money laundering from the USPIS. Furthermore, I have participated in interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds, throughout the continental U.S. While conducting investigations relative to the mailing of firearms, narcotics, and currency, I have had the opportunity to become familiar with known trafficking source and destination areas, various smuggling methods and techniques used by traffickers to package these illicit items.

3.      Prior to my assignment with the USPIS, and since January 2014, I have been employed as a Deputy Sheriff by the Palm Beach County Sheriff's Office (PBSO). Over the course of my career, I conducted numerous investigations into the possession, sale, delivery, and trafficking of illegal narcotics and other controlled substances. I have acted in an undercover capacity to purchase narcotics from street-level dealers, conducted physical and wire surveillance, and executed numerous arrest and search warrants. I have interviewed drug traffickers, debriefed

1

cooperators in connection with drug trafficking, monitored wiretapped conversations of drug traffickers, conducting searches of locations where drugs and money have been found, and conducted surveillance of individuals engaged in drug trafficking.

4.      The information contained in this affidavit is based on my own personal knowledge, as well as information provided to me by other law enforcement officers and agents. This affidavit is submitted for the limited purpose of establishing probable cause.  It does not describe everything known to your affiant concerning the investigation.

## PROBABLE CAUSE

5.      On or about October 4, 2021, I was conducting proactive searches on postal databases and identified the SUBJECT PARCEL, as bearing common characteristics to parcels containing narcotics.  The SUBJECT PARCEL bears USPS Priority Mail Tracking Number 9505 5109 7538 1277 3779 82 and is addressed to "Rocio Torres, 8185 Belvedere Rd., apt. 106, WPB, FL, 33411."  The return address is addressed to "Susana Torres, PO Box 1341, Moca, PR, 00676."

6.      On or about October 6, 2021, the SUBJECT PARCEL was placed in an open-air setting among similar sized parcels lined up on the floor at a USPS facility located at 3200 Summit Boulevard, West Palm Beach, FL, 33406. All parcels were examined by a narcotics-trained canine named "Blitz," who alerted to the SUBJECT PARCEL for the presence of narcotics. Palm Beach County Sheriff's Office Deputy Mark Alexander and "Blitz" have trained and worked as a team for approximately three years. "Blitz" has successfully completed 240 hours of Narcotics Detection Courses, was first certified in January 2019, and is certified in the detection of marijuana, cocaine, heroin, methamphetamine and ecstasy as well as derivatives. "Blitz" is certified on a yearly basis.

7.      At approximately 5:00 p.m., the SUBJECT PARCEL was opened pursuant to a Federal Search Warrant signed by the Honorable Shaniek M. Maynard (warrant number: 21-8380-SMM). Within the parcel, law enforcement recovered approximately 2,215 grams of a white powdery substance. Based upon my training, experience and field testing, the substance found inside the SUBJECT PARCEL was identified as cocaine, a schedule II-controlled substance.

8.      On October 8, 2021, I obtained a federal anticipatory search warrant for 8185 Belvedere Road (Apt. 106), West Palm Beach, FL 33411(Case No.: 21-8384-SMM) (hereinafter referred to as the TARGET PREMISES) and a federal GPS tracker/beeper warrant to be placed inside of the SUBJECT PARCEL (Case No.: 21-8383-SMM). Along with the GPS tracker/beeper, a sham substance similar to the package's original contents and a light sensor designed to indicate the opening of a parcel were placed inside the SUBJECT PARCEL.

9.      At approximately 11:58 a.m., Inspector J. Hernandez (USPIS), acting in an undercover capacity, arrived at the TARGET PREMISES. Inspector J. Hernandez knocked on the front door of the TARGET PREMISES and was met by an unknown female. At that point, the unknown female took ownership of the SUBJECT PARCEL and brought it inside of the TARGET PREMISES.

10.     At approximately 4:30 p.m., a blue Nissan (FL tag: QXIJ21) driven by a Hispanic female, later identified as Noris ALVARADO NEGRON, parked directly in front of the TARGET PREMISES. Moments later agents began receiving alerts that the SUBJECT PARCEL was moving. At the same time, agents viewed a Hispanic female, later identified as Rocio AYRA ESTRADA, place the SUBJECT PARCEL inside the front passenger door of the Nissan.  The two individuals interacted and passed what appeared to be a marijuana cigarette between themselves.

3

Agents observed NEGRON hand cash to AYA ESTRADA after which NEGRON drove away from the TARGET PREMISES.

11.     At approximately 4:40 p.m., ALVARADO NEGRON drove away from the TARGET PREMISIS with the SUBJECT PARCEL inside her vehicle. With the assistance of the GPS device, agents maintained surveillance of ALVARADO NEGRON's movements.  Agents conducting mobile surveillance followed ALVARADO NEGRON to 1315 Marlene Ct., West Palm Beach, FL.  The GPS signal from the SUBJECT PARCEL indicated that ALVARADO NEGRON arrived at this location by approximately 5:15 p.m.  ALVARADO NEGRON took a direct route and did not appear to make any significant, non-traffic related, stops.  The GPS signal stayed at 1315 Marlene Court, but ALVARADO NEGRON was observed departing the neighborhood at approximately 5:20 p.m.  The GPS signal stayed at the 1315 Marlene Court until agents arrived at the residence at approximately 5:25 p.m. The light sensor within the SUBJECT PARCEL indicated that the SUBJECT PARCEL was opened also at 5:25 p.m.

12.     While waiting for the additional agents to arrive, the GPS within the SUBJECT PARCEL alerted agents to the movement of the SUBJECT PARCEL.  At approximately 5:30 p.m., agents began scouring the public area to locate the SUBJECT PARCEL, including a mailbox cluster and public trash can in the immediate vicinity of 1315 Marlene Court.  While looking in that area, agents observed individuals from within 1315 Marlene Court peer out of the window. While observation was made, agents received a second notification that the SUBJECT PARCEL was moving.

13.     Agents circled to the front of 1315 Marlene Court and encountered JORGE LUIS VAZQUEZ IRIZARRY at the driver side of a 2014 Dodge Ram registered to him in the Florida DMV DAVID system.  Upon being encountered by agents, VAZQUEZ IRIZARRY attempted to

retreat away from the driver door of the vehicle.  Agents detained VAZQUEZ IRIZARRY and inquired about the location of the SUBJECT PARCEL. VAZQUEZ IRIZARRY spoke limited English, but indicated the SUBJECT PARCEL was in 1315 Marlene Court. Agents eventually located the sham narcotics in the center console of his 2014 Dodge Ram pickup truck parked outside of 1315 Marlene Court within the range indicated by the GPS device.

14.     In the process of searching for the SUBJECT PARCEL, agents also entered 1315 Marlene Court.  While within the home, agents observed a gun box located in the bedroom closet.

15.     While detained, VAZQUEZ IRIZARRY was read his *Miranda* rights in Spanish and signed a written waiver. Following this warning and waiver, VAZQUEZ IRIZARRY told agents that the SUBJECT PARCEL was his. He further stated that no one else at 1315 Marlene Court was involved with it. When asked if there were any other drugs or firearms in the house, VAZQUEZ IRIZARRY stated that there was a firearm in 1315 Marlene Court and that it belonged to him.  He further told agents that he purchased the firearm from an individual who had gotten it from a firearms dealer.  He informed agents that the bill of sale was inside of the firearm's case in his home. Regarding the contents of the box, VAZQUEZ IRIZARRY first expressed that he picked up the box off his lawn after someone left it, but later stated that he was responsible for the contents and would take the blame for it.  During this interview, VAZQUEZ IRIZARRY executed a consent form for agents to enter 1315 Marlene Court to retrieve the firearm.

16.     Following this consent, agents re-entered 1315 Marlene Court and located a Glock 19 pistol, serial number BSPD837.  Through my training and experience, I am aware that Glock pistols are manufactured in Austria and Georgia exclusively and must enter interstate commerce to arrive in Florida.  Additionally, a bill of sale with VAZQUEZ IRIZARRY's name and personal identifiers on it was in the gun box.  Agents took these items into evidence.

17.     Based on the facts outlined above, your affiant believes there is probable cause to charge VAZQUEZ IRIZARRY with attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(B)(ii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____

HENRY RAMOS
TFO U.S. Postal Inspector
United States Postal Inspection Service

Sworn to and Attested to me by Affiant on this 13th day of October 2021, by Telephone (Facetime) per Fed. R. Crim. P.4(d) and 4.1

_____

HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>21-8396-WM</u>

### <u>PENALTY SHEET</u>

**Defendant's Name: JORGE LUIS VAZQUEZ IRIZARRY**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 1 | Attempt to possess with intent to distribute 500 grams or more of cocaine | 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(B)(ii) | Up to 40 years' imprisonment; Minimum of 5 years' imprisonment; Up to $5,000,000 fine; Supervised release of at least 4 years and up to life; $100 Special Assessment |